10-1017-ag
Subrata v. Holder

BIA
Abrams, IJ
A090 347 484
A090 347 485
A090 347 486

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of June, two thousand eleven.

PRESENT:
> JOSÉ A. CABRANES,
> REENA RAGGI,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

RIZAL ZEFANYA SUBRATA, SETIAWATI LIM,
NICHOLAS ZEFANYA SUBRATA,
> *Petitioners,*

v.                                          10-1017-ag
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONERS:        Aaron Shapiro, The Shapiro Law Firm,
                        New York, New York.

**FOR RESPONDENT:** Tony West, Assistant Attorney General; Carl H. McIntyre, Jr., Assistant Director; Marion E. Guyton, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Rizal Zefanya Subrata, Setiawati Lim, and Nicholas Zefanya Subrata, natives and citizens of Indonesia, seek review of a February 23, 2010, order of the BIA affirming the June 11, 2008, decision of Immigration Judge ("IJ") Steven R. Abrams denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Rizal Zefanya Subrata, Setiawati Lim, Nicholas Zefanya Subrata*, Nos. A090 347 484/485/486 (B.I.A. Feb. 23, 2010), *aff'g* Nos. A090 347 484/485/486 (Immig. Ct. N.Y. City June 11, 2008). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA's decision. *See*

2

*Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).  The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 156-58 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

As an initial matter, we decline to review the petitioners' CAT claim as they failed to exhaust it before the agency.  *See* 8 U.S.C. § 1252(d)(1) (requiring exhaustion of all administrative remedies).  Although we may consider an issue not raised by an applicant in the course of an appeal to the BIA when the BIA nevertheless addressed the issue, *Waldron v. INS*, 17 F.3d 511, 515 n.7 (2d Cir. 1993), the BIA did not excuse the petitioners' failure to exhaust as it explicitly noted that they did not challenge the IJ's finding that they were ineligible for CAT relief. Therefore, considering the petitioner's new arguments for the first time in this Court would defeat the purpose of the issue exhaustion requirement—namely, to allow the agency to review its own decisions for error after having the opportunity to consider the applicant's arguments. *See* *Theodoropoulos v. INS*, 358 F.3d 162, 171 (2d Cir. 2004).

The petitioners did, however, exhaust before the BIA their arguments that they established past persecution and a pattern or practice of persecution against non-Muslim ethnic Chinese in Indonesia.  But these arguments are unavailing.

The agency reasonably found that Rizal Zefanya Subrata's testimony that he was attacked by a mob did not establish that he was subjected to past persecution, because it determined that he did not demonstrate that the incident was serious enough to rise to the level of persecution. Persecution requires that the harm suffered be sufficiently severe, rising above "mere harassment."  *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006).  This Court has said that the difference between harassment and persecution is one of degree, which must be assessed with regard to "the *context* in which the mistreatment occurs." *Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006).(emphasis in original).  Accordingly, this Court has, for example, cautioned the agency to be "keenly sensitive to the fact that a `minor beating,' or for that matter, any physical degradation designed to cause pain, humiliation, or other suffering, may rise to the level of persecution if it occurred in the context of an arrest or detention on the

4

basis of a protected ground." *Id.* Here, the agency reasonably considered the context of the alleged mob attack on Subrata following a soccer match while his car was sitting in traffic, including his testimony that he was hit in the face with a wooden flag pole and that his wallet was stolen, and found that the incident was not serious enough to constitute persecution. *Id.*

The agency also reasonably found that Setiawati Lim's testimony that she was attacked did not establish past persecution because she did not demonstrate that she was attacked on account of her religion or ethnicity. While the petitioners argue that Lim was targeted and attacked because she was Chinese—as evidenced by the fact that her attacker, a native Indonesian, said "hey, Chinese, this what you deserve"—her argument does not compel the conclusion that she was attacked on account of her race. *See* 8 U.S.C. § 1252(b)(4)(B) (providing that the agency's findings of fact are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"); *see also Lie v. Ashcroft*, 396 F.3d 530, 535-36 (3d Cir. 2005) (explaining that when an individual was a victim of ordinary crime, a single ethnic slur did not compel the conclusion that the

attackers were motivated by ethnicity). Instead, the agency reasonably found that she did not establish that she was attacked because of her race, but, rather, was a victim of general crime. *See Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999) ("[G]eneral crime . . . does not lend support to an asylum claim since a well-founded fear of persecution must be on account of an enumerated ground set forth in the Act, and general crime conditions are not a stated ground."). Thus, the agency did not err in finding that the petitioners failed to demonstrate past persecution.

Finally, the petitioners argue that the country conditions evidence establishes that there is a pattern or practice of persecution against Chinese non-Muslims in Indonesia. However, the agency properly considered the evidence of country conditions and reasonably concluded that there was no evidence of a pattern or practice of discrimination. *See Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009) (affirming the agency's conclusion that the country conditions evidence did not establish a pattern or practice of persecution of Chinese Christians in Indonesia).

Thus, the agency did not err in concluding that the petitioners failed to establish their eligibility for asylum

6

as they established neither past persecution nor a well-founded fear of future persecution.  *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004) (stating that to establish eligibility for asylum, an applicant must establish past persecution or a well-founded fear of future persecution).  Because the petitioners were unable to meet their burden for asylum, they necessarily failed to meet the higher burden required to succeed on a claim for withholding of removal.  *See Gomez v. INS*, 947 F.2d 660, 665 (2d Cir. 1991).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                            FOR THE COURT:
                            Catherine O'Hagan Wolfe, Clerk